JOHN ROMEO, Respondent, v. UNITED TRACTION COMPANY, Appellant.

Third Department, November 12, 1925.

Street railways — action for injuries suffered when plaintiff's automobile collided with street car — close question of fact whether street car was lighted — prejudicial error to permit plaintiff's attorney to ask questions relating to street car strike and death of two men in plaintiff's automobile — verdict result of prejudice and passion — judgment reversed.

In an action to recover damages for injuries suffered by the plaintiff when his automobile collided with a street car that had left the car barns and was about to enter the street, in which there was a close question of fact as to whether or not the street car was lighted at the time of the collision, it was prejudicial error for the court to permit the plaintiff's attorney to so conduct his examination as to bring out the fact that at the time of the accident there was a labor strike against the street car company; that the motorman operating the street car was a strikebreaker; that two men who were riding in the automobile with the plaintiff were killed as a result of the accident; and that the motorman was arrested on the charge of manslaughter based on the accident in question.

The conduct of plaintiff's attorney in the action indicates that he sought a verdict through prejudice and passion and that he succeeded in his effort, and, therefore, the judgment in favor of the plaintiff must be reversed.

APPEAL by the defendant, United Traction Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 19th day of December, 1924, upon the verdict of a jury for $5,000, reduced on stipulation to $4,600, and also from an order entered in said clerk's office on the 16th day of January, 1925, denying the defendant's motion for a new trial made upon the minutes.

*John E. MacLean* [*John T. Norton* of counsel], for the appellant.

*Henry J. Crawford,* for the respondent.

H. T. KELLOGG, J.:

The plaintiff was injured in a collision between an automobile which he was driving north on Broadway in the city of Albany,

22

N. Y., and a trolley car of the defendant which was moving south. At the point of the accident the defendant's tracks cross the easterly side of Broadway on a diagonal, to carry the cars from its private right of way adjoining Broadway upon the east to the center of the street. The collision was shortly after midnight. The plaintiff gave proof that the car was moving across the highway to the center of the street without lights either inside or out, and that he was unable to see the car until it was too late to avoid a collision. The defendant gave proof that the trolley car carried a brilliant headlight and that the interior of the car was brightly illuminated. It may seem contrary to ordinary experience that the interior of a trolley car, moving rapidly at midnight, should be in total darkness. However this may be, the question whether the car was lighted involved a doubt which the jury might well have resolved in favor of the defendant. It was, therefore, important that no question calculated to excite the passions or the prejudices of the jurors should be asked or answered. Counsel for the plaintiff observed no caution in this regard. He made persistent effort to remind the jurors that the accident occurred when the regular employees of the defendant were out upon a strike, and to suggest to their minds that a strikebreaker, an inefficient scab, was operating the defendant's trolley car. He asked the motorman of the defendant: " Did you come to Albany as a strikebreaker? " and the motorman replied in the negative. An objection to the question having been made, the court said: " I don't see how it harms you. He already said he didn't." Again the motorman was asked: " You worked for the traction company this last time during the time the strike was on?." An objection to the question having been made, the court said: " Yes. This man was working for them during the strike. That is when this occurred. That is self-evident." Again the witness was asked: " Did you go to work for the Schenectady Railway Company as a strikebreaker? " On this occasion an objection was sustained. Counsel for the plaintiff was equally determined that the jury should know that two men were killed in the accident. Thus he questioned the plaintiff as follows: " These two young men that were in the back of the car on the night of the collision, what happened to them? " The plaintiff answered: " They were killed." The court permitted the answer to stand on the theory that it explained the absence of the two young men as witnesses. That such was not the theory and purpose of the plaintiff's counsel in elucidating the testimony is apparent from his subsequent conduct. On cross-examination he asked the motorman of the defendant the following question: " You were arrested on the charge of manslaughter the night this accident

happened?" Again, he asked him: "Do you know that if you admitted you were running this car on the occasion of this accident without any lights on it that you would be guilty of manslaughter?" It is entirely clear that plaintiff's counsel sought a verdict due to prejudice and passion rather than to reason. We believe that he succeeded and that the close question of fact involved was not fairly determined by an unprejudiced and impartial jury. Therefore, the verdict should not prevail.

The judgment and order should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment and order reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.